UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

| | | |
|---|---|---|
| PULCHERIE J. MAKONGA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | 5:20-cv-172-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, *et al.*, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter comes before the Court on Plaintiff Pulcherie J. Makonga's Notice of Voluntary Dismissal [DE 7] indicating that all claims against Defendant Equifax Information Services, LLC ("Equifax") may be dismissed with prejudice. The claims against Defendant Trans Union, LLC will remain.

Since dismissal of claims against a single party is not appropriate under Federal Rule of Civil Procedure 41, the Court construes the Notice of Voluntary Dismissal [DE 7] as a motion to dismiss under Rule 21. Accordingly, the Notice of Voluntary Dismissal [DE 7], which the Court construes as a motion to dismiss under Rule 21, will be **GRANTED**, and the claims against Equifax will be **DISMISSED WITH PREJUDICE**.

### A. FACTUAL AND PROCEDURAL HISTORY

On April 24, 2020, Makonga filed a Complaint [DE 1] against Defendants Equifax and Trans Union, LLC. [DE 1]. On May 22, 2020,

1

Trans Union, LLC filed an Answer [DE 6]. Equifax has not filed an answer or a motion for summary judgment. Now, Makonga seeks to dismiss Equifax from this action with prejudice. [DE 7]. As a result, this matter is ripe for review.

## B. DISCUSSION

Here, Makonga notifies the Court that he is dismissing Equifax from this action. However, as this Court has previously explained, Rule 41(a) does not allow a court to dismiss some, but not all, of the defendants in a single case. *See United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462 (E.D. Ky. 2018). In the Sixth Circuit, a plaintiff may only dismiss an "action" using Rule 41(a) and an "action" is interpreted to mean the "entire controversy." *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). While some Circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent. *See Preferred Care*, 326 F.R.D. at 464; *see, e.g.*, *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693–94 (D. Utah 2015) (discussing the circuit split and citing cases).

But this does not end the analysis because the Court construes filings "by their substantive content and not by their labels," and, as such, this Court will consider the Notice of Voluntary Dismissal [DE 7] as a motion to dismiss a party under Rule 21. *See Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-0049, 2011 WL 3273531, at *3 (S.D. Ohio Aug. 1, 2011).

Rule 21 may be used for the dismissal of a single defendant. *See Taylor*, 286 F.2d at 785 ("[W]e think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken); *see also Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008); *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017) ("Rule 21 is the more appropriate rule"); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012) ("the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41"); *Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012). Thus, the Court construes the Notice of Voluntary Dismissal [DE 7] as a motion to dismiss a single party under Rule 21.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The rule applies where "no relief is demanded from one or more of the parties joined as defendants." *Letherer*, 328 F.3d at 267. Normally, under the rule, Courts must consider prejudice to the nonmoving party. *See Wilkerson*, 2017 WL 401212, at *2; *Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015). The inquiry overlaps with Rule 41 standards "as guidance in evaluating

3

potential prejudice to the non-movant." *Wilkerson*, 2017 WL 401212, at *2. Courts determine whether the nonmoving party would suffer "plain legal prejudice" and consider: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for dismissal; and (4) whether a motion for summary judgment is pending." *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The Court will consider the relevant factors below.

First, Equifax has not filed an answer, so it has likely expended little time and few resources, if any, preparing for trial in this matter. In fact, the Court has yet to enter a scheduling order, so there is no trial date pending in this case. As a result, the first factor supports dismissal.

Second, there is no indicia of any delay or lack of due diligence on the part of Makonga in this matter. It appears that the Makonga is engaging in a good faith attempt to resolve the dispute in a timely manner, which supports dismissal.

Third, Makonga provides no explanation for the dismissal of Equifax as a Defendant, so this factor weighs against dismissal under Rule 21.

Fourth, and finally, there is no pending motion for summary judgment in this matter. Thus, the fourth factor also weighs in favor of dismissal.

4

Here, three of the four relevant factors to be considered before dismissal under Rule 21 weigh in favor of dismissal of the claims against Equifax. Accordingly,

**IT IS ORDERED** as follows:

(1) The Court construes Plaintiff Pulcherie J. Makonga's Notice of Voluntary Dismissal [DE 7] as a motion to dismiss pursuant to Federal Rule of Civil Procedure 21;

(2) The Notice of Voluntary Dismissal [DE 7]] is **GRANTED**;

(3) All claims against Defendant Equifax Information Services, LLC are **DISMISSED WITH PREJUDICE**; and

(4) This dismissal does not apply to Defendant Trans Union, LLC.

This the 21st day of October, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge